UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMOND MATTHEWS,

        Petitioner,

v.                               CASE NO. 09-10214
                                HONORABLE GEORGE CARAM STEEH

JEFFREY WOODS,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT, BUT GRANTING A CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S MOTION FOR PAUPER STATUS

This matter is pending before the Court on petitioner Desmond Matthews' motion for relief from the Court's opinion and judgment dismissing his habeas corpus petition as time-barred. Petitioner urges the Court to equitably toll the one-year limitations period on the ground that his attorney abandoned him during post-conviction proceedings in state court. The Court finds that, even if the attorney abandoned petitioner, petitioner was not diligent in pursuing his claims. Therefore, petitioner is not entitled to equitable tolling of the limitations period, and his motion must be denied. A history of the case and discussion follow.

### I. Procedural History

Petitioner was convicted of first-degree murder and felony firearm in 1999. The trial court sentenced petitioner to two years in prison for the felony firearm conviction and to life imprisonment for the murder. The Michigan Court of Appeals affirmed petitioner's convictions, and on August 30, 2002, the Michigan Supreme Court denied leave to appeal.

Petitioner's convictions became final on November 28, 2002, when the deadline expired for seeking a writ of certiorari in the United States Supreme Court. The one-year statute of limitations for federal habeas corpus petitions subsequently began to run. It ran 194 days or until June 9, 2003, when petitioner filed a motion for relief from judgment in state court and the limitations period was tolled. The trial court denied petitioner's motion, and, on October 21, 2004, the Michigan Court of Appeals dismissed petitioner's subsequent appeal for failure to pursue his case in conformity with the rules.

On November 19, 2004, Joe Jones averred in an affidavit that a key witness at petitioner's trial admitted to him sometime between September of 1998 and September of 1999 that the witness testified falsely at petitioner's preliminary examination and that he (the witness) intended to testify falsely at petitioner's trial. In December of 2004, petitioner allegedly gave Mr. Jones' affidavit to an attorney whom his mother retained for the purpose of pursuing post-conviction remedies in state court. According to petitioner, the attorney promised to file a motion for new trial, using Joe Jones' affidavit as support. The attorney did not keep his promise, and on June 5, 2005, the deadline expired for filing a habeas corpus petition in federal court.

On August 3, 2007, petitioner filed a pro se "motion for factual basis hearing" based on Joe Jones' affidavit. The trial court denied the motion, and the Michigan Court of Appeals dismissed petitioner's subsequent appeal for failure to pay the filing fee on time. On July 29, 2008, the Michigan Supreme Court denied leave to appeal, and on December 1, 2008, the United States Supreme Court denied petitioner's application for a writ of certiorari.

Finally, on January 13, 2009, petitioner filed his habeas petition in this Court. The State moved for summary judgment on the ground that petitioner's claims were barred from substantive review by the one-year statute of limitations. The Court agreed and dismissed the petition as time-barred on March 9, 2010. The Court also declined to issue a certificate of appealability. Petitioner appealed the Court's decision, but the Court of Appeals for the Sixth Circuit likewise denied a certificate of appealability.

Now pending before the Court is petitioner's motion for relief from judgment. Petitioner urges the Court to equitably toll the limitations period on the basis that his post-conviction attorney abandoned him and left him unrepresented at a critical stage of the proceedings.

## II. Discussion

Petitioner filed his motion for relief from judgment under Federal Rule of Civil Procedure 60(b), which "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Under the catchall provision of Rule 60(b)(6), a district court may set aside a judgment for "any other reason that justifies relief."

At issue here is the one-year statute of limitations for habeas petitions, see 28 U.S.C. § 2244(d), and whether petitioner is entitled to equitable tolling of the statute. The statute of limitations "is subject to equitable tolling in appropriate cases," but petitioner is entitled to equitable tolling only if he can show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from filing a timely habeas petition. *Holland v.*

-3-

*Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2560, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner claims that his attorney's abandonment of him constituted an extraordinary circumstance entitling him to equitable tolling of the limitations period. Petitioner first raised the issue of attorney abandonment in his reply to the State's motion for summary judgment. The Court rejected petitioner's argument in its dispositive opinion on the basis that "[t]here is no constitutional right to an attorney in state post-conviction proceedings," and, therefore, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

In *Holland*, however, the Supreme Court stated that, while a garden variety claim of attorney negligence does not warrant equitable tolling, "far more serious instances of attorney misconduct" may constitute extraordinary circumstances justifying equitable tolling of the habeas statute of limitations. *Holland*, 130 S. Ct. at 2564. Thus, attorney abandonment has been held to rise to the level of an extraordinary circumstance justifying equitable tolling of the statute of limitations. *Patterson v. Lafler*, 455 F. App'x 606, 610 (6th Cir. 2012). "[U]nder agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Maples v. Thomas*, __ U.S. __, __,132 S. Ct. 912, 924 (2012).

Petitioner claims that his attorney abandoned him during post-conviction proceedings in state court after he provided Joe Jones' affidavit to the attorney. According to petitioner, the attorney promised to investigate the matter and to file a motion for new trial based on Joe Jones'

-4-

affidavit. Instead of pursuing the matter, the attorney allegedly broke off all communication with petitioner and refused to respond to his letters. In addition, two years after accepting payment for his services, the attorney apparently returned his fee to petitioner's mother for lack of any services rendered. Petitioner claims that he was unaware of his attorney's abandonment until he received a copy of the state court's docket.

While it appears from petitioner's allegations that his attorney abandoned him during post-conviction proceedings in state court, petitioner had five or six months to file his habeas petition after he allegedly acquired Joe Jones' affidavit. He could have filed a protective habeas corpus petition in federal court and asked the Court for a stay while he pursued additional state court remedies. *Pace*, 544 U.S. at 416 (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). His attorney's failings had no direct bearing on his habeas corpus petition, and "where the actions of [an] attorney have no direct bearing on the federal habeas proceeding, the actions of the attorney — even if shown to be egregious — cannot supply a valid basis for equitable tolling." *Hudson v. New Jersey*, No. 11-6962, 2012 WL 1551369, at *3 (D. N.J. May 1, 2012) (unpublished).

Furthermore, to be entitled to equitable tolling of the limitations period, petitioner must show not only that some extraordinary circumstance prevented him from filing a timely habeas petition, but that he was reasonably diligent in pursuing his claims. *Holland*, 130 S. Ct. at 2562; *see also Sanders v. Tilton*, 475 F. App'x 118, 120 (9th Cir. 2012) (explaining that "*Holland* did not hold that attorney misconduct <u>alone</u> could justify equitable tolling where the petitioner himself did not diligently pursue his rights"). Unlike the petitioner in *Holland*, petitioner has not submitted any evidence showing that he stayed abreast of the law or wrote numerous letters to his attorney seeking information and providing direction. "[T]he act of retaining an attorney

[did] not absolve [him] of his responsibility for overseeing the attorney's conduct or the preparation of the petition," *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004), and "[c]omplete inactivity in the face of no communication from counsel does not constitute diligence," *Manning v. Epps*, 688 F.3d 177, 186 (5th Cir. 2012).

Petitioner also did not immediately file his habeas corpus petition upon learning that his attorney had abandoned him, as did the petitioner in *Holland*.[1] Instead, he filed his "motion for factual basis hearing" in state court, and he waited until August 3, 2007 to file the motion even though he claims that he acquired Joe Jones' affidavit in the latter part of 2004. As stated by the Sixth Circuit Court of Appeals in its order denying petitioner a certificate of appealability, "[t]he untimeliness of Matthews's petition was not caused by any extraordinary or compelling event. Rather, it was caused by Matthews's repeated attempts to file actions in the state courts of Michigan instead of proceeding to federal court." *Matthews v. Woods*, No. 10-1361, slip op. at 3 (6th Cir. Feb. 18, 2011) (unpublished).

Petitioner may have been trying to exhaust state remedies for his claim of new evidence before filing his habeas corpus petition. But, as noted above, he could have filed a protective habeas corpus petition in federal court and asked the Court for a stay while he pursued additional state court remedies.

---

[1] Petitioner has not said when exactly he learned that his attorney abandoned him, but he asked the trial court for documents and transcripts on August 24, 2006. *See* Saginaw County Docket Sheet, document #5-1. Thus, it appears that he was aware of his attorney's alleged abandonment at least by August 24, 2006. He filed his habeas petition on January 13, 2009.

The Court concludes that petitioner was not diligent in pursuing his claims. Consequently, even if his attorney abandoned him, he is not entitled to equitable tolling of the statute of limitations. His motion for relief from judgment [Doc. #14] is **DENIED**.

### III.  Certificate of Appealability

"[A certificate of appealability] is necessary not only to appeal the initial denial of a writ of habeas corpus, but also to appeal from the denial of a motion brought pursuant to Rule 60(b)." *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)), *cert. denied*, __ U.S.__, 131 S. Ct. 2902 (2011).

> A [certificate of appealability] may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the United States Supreme Court has construed to mean that an applicant must show that reasonable jurists could debate that the petition could have been resolved differently or that the claims raised deserved further review. *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

*Id.* at 339.

Reasonable jurists could debate whether the Court should have resolved petitioner's claims differently or whether the claims deserve further review. The Court therefore **GRANTS** a certificate of appealability. The Court also **GRANTS** petitioner's motion for pauper status [Doc. #15], which the Court construes as a request for leave to proceed *in forma pauperis* on appeal.

Dated:  October 10, 2012

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Desmond Matthews #281133, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 on October 10, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk